RICHARD BURTIS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Cassens Transport Corporation, Appellee).

Second District (Industrial Commission Division)   No. 2—94—1417WC

Opinion filed October 5, 1995.

Richard O. Greenfield, of Richard O. Greenfield, Ltd., of Chicago, for appellant.

Brian D. Lassen, of Koutsky, Boudreau, Lassen & Mason, of Chicago, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Claimant, Richard Burtis, sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 et seq. (West 1992)) for injuries sustained in the employ of respondent, Cassens Transport Corporation (Cassens).

Burtis applied for employment and was hired at Cassens' facility in Belvidere, Illinois, on January 13, 1984, as a driver of a car-hauling truck. Burtis was trained at the Belvidere facility and worked out of the Belvidere terminal until November 1990, at which time he voluntarily transferred to Cassens' new facility in Smyrna, Tennessee. From that point on, Burtis received his work assignments from the Smyrna facility and received his paychecks there.

On October 2, 1992, Burtis was unloading cars in Vineland, New Jersey, when he lost his balance and fell from the trailer ramp into the trailer, injuring his back and arm. Burtis saw Dr. Gary Rubinstein, a chiropractor in New Jersey. After returning to Smyrna, Burtis was treated by the company doctor, Dr. Richard Garvin, who examined him and sent him to Nashville, Tennessee, for an MRI. Burtis subsequently returned to Illinois, where he was treated by Dr. Dougherty at the Lundholm Surgical Group, a company clinic in Rockford, Illinois.

At the arbitration hearing, Burtis testified that he lived in Loves Park, Illinois, and that during his treatment in Tennessee he stayed at a motel.

The arbitrator determined that Illinois had jurisdiction, finding that the contract for hire was made in Illinois and was valid at the time of the accident and awarded temporary total disability (TTD) benefits. The Industrial Commission (Commission) reversed the arbitrator, finding that, while the contract for hire had been made in Illinois, claimant offered no current proof of Illinois residence and no evidence of significant contacts with Illinois such that Illinois jurisdiction would be proper. The circuit court of Boone County confirmed the decision of the Commission.

On appeal, Burtis argues that the Commission erred in finding that Illinois did not have jurisdiction. He maintains Illinois jurisdiction is proper because he is a resident of Illinois and the contract for hire was made in Illinois.

■ Section 1(b)(2) of the Act provides that it shall apply to:

"Every person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois, persons whose employment results in fatal or non-fatal injuries within the State of Illinois where the contract of hire is made outside of the State of Illinois, and persons whose employment is principally localized within the State of Illinois, regardless of the place of the accident or the place where the contract of hire was made, and including aliens, and minors who, for the purpose of this Act are considered the same and have the same power to contract, receive payments and give quittances therefor, as adult employees." 820 ILCS 305/1(b)(2) (West 1992).

Under section 1(b)(2) there are three bases for acquiring Illinois jurisdiction: (1) if the contract for hire is made in Illinois; (2) if the accident occurs in Illinois; and (3) if the claimant's employment is principally located in Illinois, regardless of where the contract for hire was made or where the accident occurred. In the present case the accident occurred in New Jersey, and there is no evidence indicating, nor do the parties contend, that Burtis' employment was principally localized in Illinois. Burtis contends that Illinois jurisdiction is proper because the contract for hire was made in Illinois.

It is clear that the Act was designed to have extraterritorial effect. (*Energy Erectors, Ltd. v. Industrial Comm'n* (1992), 230 Ill. App. 3d 158, 595 N.E.2d 641.) Our supreme court has consistently held that "employment contracts made in Illinois are normally to be interpreted as including an agreement by the parties to be bound by the Act even when the contemplated employment is exclusively in other States." (*United Airlines, Inc. v. Industrial Comm'n* (1983), 96 Ill. 2d 126, 130, 449 N.E.2d 119, 121.) Where the contract for hire is made in Illinois, the Act may be applied even where the claimant is a nonresident and the injury occurred outside Illinois. *United Airlines v. Industrial Comm'n* (1993), 252 Ill. App. 3d 972, 627 N.E.2d 1104.

We have previously held, however, that the making of a contract for hire in Illinois does not lead to an automatic finding of Illinois jurisdiction. In *Carroll v. Industrial Comm'n* (1990), 205 Ill. App. 3d 885, 563 N.E.2d 890, we held that the employment contract is but one factor the court must weigh in determining whether Illinois jurisdiction is proper. Relying on *United States Steel Corp., Gary Works v. Industrial Comm'n* (1987), 161 Ill. App. 3d 437, 510 N.E.2d 452, the court in *Carroll* also looked to the voluntariness of claimant's transfer to another State, the length of time between the date of transfer and

the date of injury, whether claimant maintained "significant contacts" in Illinois, and the totality of arrangements for reemployment, including the continuity of employment between the time of contract and the time of injury. In *Carroll*, we held that Illinois jurisdiction was not proper, even though the contract for hire had been made in Illinois, because claimant's transfer had been involuntary, the injury occurred 19 years since claimant last resided in Illinois, and his only contact with Illinois since leaving were visits to family members which occurred approximately every two years. Relying on *McCluney v. Jos. Schlitz Brewing Co.* (8th Cir. 1981), 649 F.2d 578, we rejected claimant's contention that, because he was originally hired in Illinois, Illinois automatically had jurisdiction.

Likewise, in *United Airlines v. Industrial Comm'n* (1993), 252 Ill. App. 3d 972, 627 N.E.2d 1104, we held that Illinois did not have jurisdiction where claimant, a flight attendant, was injured on a flight from California to Oregon. Claimant, a California resident, was hired by United Airlines after completing training school in Illinois. Although the contract for hire was made in Illinois, claimant never worked in Illinois but, rather, her initial assignment was in New York and she was later transferred, at her own request, to California. The injury occurred 14 years after being hired, during which time she had no significant contact with Illinois.

The crucial distinction between the present case and *Carroll* is that, in *Carroll*, as in *United States Steel* and *United Airlines*, the claimant was not a resident of Illinois. In the present case, Burtis is clearly an Illinois resident. On the application for adjustment of claim, filed only five weeks after the accident, Burtis listed his home as Loves Park, Illinois. In his testimony before the arbitrator, Burtis testified that he lived in Loves Park, Illinois. Further, Burtis testified that when he returned to Smyrna after the accident he stayed in a motel and that after the MRI in Nashville, Tennessee, he "contacted the company and asked them if it would be all right if I returned home and go to the company up here in Lundholm Surgical Group." The only reasonable inference that can be drawn is that Burtis was an Illinois resident at the time of the accident.

■ The purpose of the Act is to benefit the citizens of Illinois. Indeed, the title of the Act reads "An Act to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State, *and without this State where the contract of employment is made within this State* \*\*\*." (Emphasis added.) (820 ILCS 305/1 (West 1992); see also *United Airlines*, 252 Ill. App. 3d at 983, 627 N.E.2d at 1111.) Clearly, when the claimant is an Illinois resident,

the fact that the contract for hire was made in Illinois is sufficient to confer jurisdiction, and it is not necessary to evaluate the other factors discussed in *Carroll* and *United Airlines*. See *Energy Erectors, Ltd.*, 230 Ill. App. 3d 158, 595 N.E.2d 641; *F&E Erection Co. v. Industrial Comm'n* (1987), 162 Ill. App. 3d 156, 514 N.E.2d 1147.

Because Burtis was an Illinois resident and the contract for hire was made in Illinois, Illinois jurisdiction is proper, and the Commission erred in holding to the contrary.

For the foregoing reasons, the judgment of the circuit court of Boone County is reversed, the decision of the Industrial Commission is reversed, and the cause is remanded to the Commission for further proceedings in accordance with this opinion.

Reversed and remanded.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and HOLDRIDGE, JJ., concur.